UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC COSTELLO,<br>Plaintiff,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | No. 2:25-cv-02718-DC-JDP<br><br>ORDER DENYING MOTION TO REMAND<br>(Doc. No. 7) |

This matter is before the court on Plaintiff's motion to remand the case to the Sacramento County Superior Court. (Doc. No. 7.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 9.) For the reasons explained below, the court will deny Plaintiff's motion to remand.

**BACKGROUND**

Plaintiff Eric Costello alleges that on or around July 22, 2023, he purchased a 2023 Chevrolet Tahoe (the "Subject Vehicle"). (Doc. No. 1-1 at 6–7.) Plaintiff alleges that after he took possession of the Subject Vehicle, the vehicle exhibited defects to its infotainment system, which render the vehicle non-conforming with Defendant's express and implied warranties. (*Id.* at 7.) Plaintiff delivered the Subject Vehicle to Defendant for repair or replacement, but Defendant allegedly failed to conform the Subject Vehicle to Defendant's express or implied warranties or to otherwise comply with its obligations under California's Song-Beverly Consumer Warranty Act.

(*Id.* at 6–10.)

Plaintiff alleges six causes of action against Defendant, relating to Defendant's alleged violations of California's Song-Beverly Consumer Warranty Act. (*Id.*)

On August 20, 2025, Plaintiff filed the complaint initiating this action in the Sacramento County Superior Court against Defendant General Motors LLC. (Doc. No. 1-1 at 5–6.) On September 22, 2025, Defendant answered Plaintiff's complaint in the superior court. (Doc. No. 1–2.)[1] Also on September 22, 2025, Defendant filed a notice of removal removing the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1 at 3.)

Plaintiff filed the pending motion to remand on October 10, 2025. (Doc. No. 7.) On October 29, 2025, Defendant filed an untimely opposition to the pending motion.[2] (Doc. No. 10.) Plaintiff filed a reply thereto on November 7, 2025. (Doc. No. 11.)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[1] In Defendant's notice of removal, Defendant states that as of the date that notice was filed, Sacramento Superior Court had not yet docketed Defendant's answer. (Doc. No. 1 at 2.) The court notes that at the time of this order, Defendant has not yet provided the court with a conformed copy of the answer Defendant filed in Sacramento County Superior Court.

[2] Because the untimely filing of Defendant's opposition does not materially prejudice Plaintiff, the court will consider the opposition in ruling on the pending motion.

Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).

**ANALYSIS**

**A. Amount in Controversy**

Pursuant to 28 U.S.C. § 1332, the party seeking to remove must demonstrate complete diversity among the parties and an amount in controversy in excess of $75,000. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1332(a)). Complete diversity is not disputed by either party. Rather, Plaintiff argues the court does not have jurisdiction over this matter because Defendant fails to establish that the amount-in-controversy exceeds $75,000. (Doc. No. 7 at 10–12.) Defendant avers that an evaluation of the actual damages, civil penalties, and attorneys' fees at issue in this case supports Defendant's contention that the amount in controversy exceeds $75,000, such that the court has jurisdiction over this matter. (Doc. No. 10 at 10–17.)

Where it is unclear from the face of the complaint whether the amount in controversy requirement is satisfied, the removing party bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The amount in controversy includes "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales*, 840 F.3d at 648–49). Conclusory allegations as to the amount in controversy are insufficient. *Id.* (citing *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). In assessing the amount in controversy, the court may consider allegations in the complaint and in the notice of removal, as well as evidence submitted by the parties relevant to the amount in controversy. *Id.*

1. <u>Actual Damages</u>

Plaintiff does not allege monetary damages with specificity in the complaint. Based on its

investigation, Defendant alleges the cash price of the Subject Vehicle to be $60,999, with "an estimated mileage offset of $15,038.29." (Doc. No. 10 at 12.) Accordingly, accounting for unpaid financing of $21,297.76, Defendant estimates actual damages of $40,248.75. (*Id.*)

In the motion to remand, Plaintiff argues that Defendant has proffered only speculative evidence to support its calculation of actual damages. (Doc. No. 7 at 12.) Plaintiff contends that Defendant must "present specific facts regarding the Subject Vehicle's sales agreement and actual use" and argues Defendant "offers no competent evidence quantifying damages, penalties, or fees." (*Id.* at 12–13.) In his reply, Plaintiff asserts that the evidence Defendant does attach, including the Subject Vehicle's repair history, is insufficient. (Doc. No. 11 at 13–14.)

As noted above, and contrary to Plaintiff's assertion, Defendant explicitly accounts for the statutory mileage offset in calculating the amount in controversy. (Doc. Nos. 1 at 5; 10 at 12–13.) Moreover, Defendant attaches to its opposition the sales contract for the Subject Vehicle, showing the cash price of the Subject Vehicle to be $60,999. (Doc. No. 10-2 at 3); *see Wario v. Gen. Motors, LLC*, No. 1:25-cv-01720-KES-FJS, 2026 WL 2254353, at *2 (E.D. Cal. Aug. 4, 2026) (stating "actual damages are calculated by identifying the total cash price stated on the Retail Installment Sales Contract, adding any interest paid, subtracting the 'mileage offset'"). Defendant also attaches to its opposition a repair history of the Subject Vehicle, which shows the Subject Vehicle's mileage when it was first presented for repair. (Doc. No. 10-3 at 2.); *Midile v. Gen. Motors LLC*, No. 2:25-cv-03480-JAM-CKD, 2026 WL 1470626, at *3 (E.D. Cal. May 26, 2026) (rejecting the plaintiff's argument that defendant General Motor's proffered repair history was insufficient to form the basis of the mileage offset calculation). Defendant further argues that "it is reasonable to account for an additional 12 monthly payments" by Plaintiff before the resolution of this matter, which would leave $0 in unpaid financing. (Doc No. 10 at 12.) Using these numbers, Defendant explains how it arrived at the actual damages determination of $40,248.75 using calculations established under California law. (*Id.* at 11–12.) Plaintiff does not, either in his motion to remand or reply, rebut Defendant's calculations with a proposed estimation of his own. *Alvarado v. FCA US, LLC*, No. 5:17-cv-00505-MRW, 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017) (finding a defendant's calculations proper where a plaintiff failed to provide alternative

mileage offset calculations in his motion for remand or reply, stating "neither his Motion nor his Reply offer an alternative to the total cash price he paid for the subject vehicle in estimating his actual damages, . . . [and] Plaintiff does not indicate what the appropriate mileage offset should be").

Accordingly, the court finds that Defendant has established by a preponderance of the evidence that Plaintiff's actual damages are at least $40,248.75.

2. Civil Penalties

Pursuant to the Song-Beverly Act, where a plaintiff proves that a defendant's failure to comply with the Act was willful, a plaintiff may recover "a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c).

In Plaintiff's complaint, regarding the first, second, and third causes of action, he alleges that "Defendant and its representatives knew of their legal obligations and intentionally declined to follow them" and requests "a civil penalty in the amount of two times Plaintiff's actual damages." (Doc. No. 1-1 at 7–9.) Despite this, Plaintiff contradicts himself in his reply by arguing that "an assumption of 2x civil penalty is unjustified." (Doc. No. 11 at 8.) Defendant avers that including a calculation of civil penalties in its estimation of damages is accurate, and Defendant estimates that two times the amount of actual damages, in addition to actual damages, "brings the total damages to $120,746.25," thus satisfying the amount in controversy requirement. (Doc. No. 10 at 16.)

District courts in the Ninth Circuit have found that including an estimation of civil penalties in the calculation of the amount in controversy is appropriate where a plaintiff alleges willful conduct by the defendant and requests civil penalties in his prayer for relief. *Midile*, 2026 WL 1470626 at *3; *Wario*, 2026 WL 2254353 at *3 (finding it proper to double the amount of actual damages to estimate civil penalties and including that number in the total amount in controversy).

Here, Plaintiff alleges willful misconduct against Defendant multiple times in his complaint. (Doc 1-1 at 7–9.) As noted above, alongside those allegations, Plaintiff also requests civil penalties amounting to "two times Plaintiff's actual damages." (*Id.*) Accordingly, based on

Defendant's estimate of $40,248.75 in actual damages, the court finds that the civil penalties at issue in this case could be twice that amount, up to $80,497.50. The evidence submitted by Defendant is sufficient to prove by a preponderance of the evidence that the amount in controversy, $120,746.25, exceeds the $75,000 jurisdictional threshold. Thus, the court concludes it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.[3]

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motion to remand (Doc. No. 7) is DENIED; and
2. Within thirty days of the date of entry of this order, the parties are directed to file a joint status report regarding scheduling pursuant to this court's initial case management order (Doc. No. 5.)

IT IS SO ORDERED.

Dated: **September 30, 2026**

Dena Coggins
United States District Judge

[3] Because the court finds that Plaintiff's alleged actual damages and civil penalties exceed the jurisdictional threshold, it need not address the parties' arguments relating to attorneys' fees on the amount in controversy.